1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,        No.  2:12-cr-00322-JAM

13            Plaintiff,

14        v.                          **ORDER DENYING DEFENDANT'S MOTION FOR PLACEMENT IN HOME CONFINEMENT PURSUANT TO THE CARES ACT**

15   ALEKSANDR LASTOVSKIY,

16            Defendant.

17

18        On September 7, 2021, the Court denied Defendant's motion

19   for compassionate release.  See Order, ECF No. 349.  On September

20   14, 2021, Defendant filed a motion for an order placing him in

21   home confinement pursuant to Section 12003(b)(2) of the

22   Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

23   See Mot., ECF No. 351.  Specifically, Defendant argues that he

24   should be released to home detention due to the threat of COVID-

25   19 particularly the Delta variant and his high blood pressure

26   which places him at risk.  Id. at 3-5.  The Government opposed

27   his motion, arguing *inter alia* this Court has no statutory

28   authority to order an inmate to home confinement.  See Opp'n at

1

6-7, ECF No. 357.  Defendant replied.  See Reply, ECF No. 358.
For the reasons set forth below, the Court DENIES Defendant's
motion.[1]

Under the CARES Act, BOP may "lengthen the maximum amount of
time for which the Director is authorized to place a prisoner in
home confinement" if the Attorney General finds that emergency
conditions will materially affect the functioning of BOP.  Pub.
L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified
at 18 U.S.C. § 3621).  Section 12003 of the Act extended the
authority of the Attorney General to allow transfer of any inmate
to home confinement during the national COVID-19 emergency.  Id.

The Government contends the Court lacks authority to grant
the relief Defendant requests because the authority to transfer
an inmate to home confinement is delegated exclusively to BOP and
any BOP decision regarding home confinement is not subject to
judicial review.  Opp'n at 6 (citing to United States v. Ashby,
3:15-CR-154, 2020 WL 2494677, at *2 (M.D. Pa. May 14, 2020);
United States v. Cruz, 1:95-CR-204, 2020 WL 1904476, at *4 (M.D.
Pa. Apr. 17, 2020)("[c]ourts… do not have power to grant relief
under Section 12003 of the CARES Act"); United States v. Mabe,
2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020);
United States v. Mansaray, No. 13-236, 2020 WL 3077184, at *3
(E.D. Pa. June 10, 2020)("The Congress did not provide the Courts
with the authority to review the BOP Director's decision whether
to release inmates into home confinement at an earlier time under
the CARES Act"); United States v. White, No. 2:07-cr-150, 2020 WL

---

[1] The hearing set for September 30, 2021 is thus vacated.

1906845, at *2 (E.D. Va. Apr. 17, 2020)("[Section 12003] does not
authorize the court to place a defendant in home confinement");
United States v. Skaff, No. 2:17-cr-00125, 2020 WL 1666469, at *2
(S.D. W.Va. Apr. 3, 2020)).

By contrast, Defendant provided no caselaw in his motion
supporting his position that the Court does have such authority.
See Mot.  Nor did Defendant respond to the cases brought forward
by the Government in opposition.  See Reply.  Instead, Defendant
cites to only one case in his reply: Torres v. Milusnic, 472
F.Supp.3d 713 (C.D. Cal 2020).  Reply at 3-4.  However, Torres
does not support Defendant's request for relief.  See generally
F.Supp.3d 713.  Torres involved a prisoner class action
challenging the BOP and Lompoc Warden's COVID-19 response on
Eighth Amendment grounds; it did not involve an individual's
petition for placement in home confinement.  Id. at 718.  As
relevant here, the question before the Torres Court was whether
plaintiff-prisoners demonstrated a likelihood of success on their
"Eighth Amendment claim based on [defendants'] failure to take
reasonable measures to reduce risk of serious harm to inmates by
failing to make meaningful use of [their] home confinement
authority as expanded by the CARES Act."  Id. at 738.  The Torres
Court did not address the issue of whether courts have authority
to order that an inmate be placed in home confinement.

Lacking authority to order Defendant's placement in home
confinement and not finding good cause to do so even if it did[2],

_____

[2] For the same reasons the Court denied Defendant's motion for
compassionate release just a week before he filed the present
motion, see Order at 3, this motion fails on the merits.

1    the Court DENIES Defendant's motion.

2         IT IS SO ORDERED.

3    Dated: October 12, 2021

4    _____
     JOHN A. MENDEZ,
5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28